**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| RODNEY R. URY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV116 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

        This matter is before the court on the defendant's Motion for Trial at North Platte, Nebraska (Filing No. 7).  The defendant filed a brief (Filing No. 8) and an index of evidence (Filing No. 9) in support of the motion.  The plaintiff filed a brief (Filing No. 10) and an index of evidence (Filing No. 11) in opposition to the motion.  The defendant did not file a reply.


**BACKGROUND**

        According to the allegations in the complaint, the plaintiff, an employee of the defendant, sustained an injury during the course of his employment.  **See** Filing No. 1 - Complaint ¶ 4.  Specifically, on May 11, 2007, the plaintiff was riding in the lead locomotive and working as a conductor on an eastbound loaded coal train.  **Id.** ¶ 7.  The train derailed into a westbound train near Gibbon, Nebraska, due to a defect in the track.  **Id.** ¶¶ 7-8, 11.  The plaintiff alleges he sustained psychological and physical injuries due to the derailment.  **Id.** ¶ 12.  Based on these allegations, the plaintiff alleges a claim pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq.*  **Id.** ¶ 5.  The plaintiff is a resident of North Platte, Nebraska.  **Id.** at 5.  The crew member working with the plaintiff at the time of the accident lives in North Platte, Nebraska.  **See** Filing No. 11 - Rossi Aff. ¶ 3.  The plaintiff received medial treatment from providers in North Platte, Nebraska.  **Id.** ¶ 4.  The plaintiff states he does not know what other witnesses may be necessary for trial.  **Id.** ¶ 5.  The record reflects the plaintiff's counsel has an office in Denver, Colorado.

        On March 25, 2010, the plaintiff filed the instant action requesting a jury trial to be held in Omaha, Nebraska, in the United States District Court for the District of Nebraska.  **See** Filing No. 1 - Complaint p. 1.  On April 19, 2010, the defendant filed an answer and

the instant motion to change the location of any trial to North Platte, Nebraska.  **See** Filing No. 5 - Answer; Filing No. 7 - Motion.  The defendant's counsel of record has an office in Omaha, Nebraska.  The defendant states the relevant employee supervisor, other of the defendant's employees, and documents are located in North Platte, Nebraska.  **See** Filing No. 9 - Lamson - Aff. ¶¶ 6-9.

The defendant contends trial is more conveniently set in North Platte, Nebraska, based on the location of the parties, the witnesses, and documents.  **See** Filing No. 8 - Brief p. 2-4.  The defendant argues preparation for trial will be more convenient for the parties in North Platte.  **Id.** at 4.  Additionally, the defendant raises a concern with the ability to subpoena witnesses to appear in Omaha.  **Id.** at 2-3.  Further, the defendant asserts the plaintiff will not suffer any harm, if the case were transferred.  **Id.**  By contrast, the plaintiff contends trial is more conveniently set in Omaha, Nebraska, or, in the alternative, the decision should await additional discovery of witnesses.  **See** Filing No. 10 - Brief p. 6.  The plaintiff argues he will be at a disadvantage because of the defendant's corporate presence, if the trial is held in North Platte.  **Id.** at 4-5.  For the same reason, the plaintiff contends the jury pool may be severely limited.  **Id.**  Finally, the plaintiff argues his choice for the location of trial is a "substantial right" under FELA.  **Id.** at 6.


## ANALYSIS

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys."  NECivR 40.1(b)(1).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a).  Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  **_Id._**  Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar

to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. See NECivR 40.1(b); **compare *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)** (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. ***BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).** A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. ***Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990)** (**citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)**); ***General Comm.*, 895 F. Supp. at 252**; **see also *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990)**.

The plaintiff chose to file this action in the Omaha division of the District of Nebraska. However, the defendant seeks to transfer the case to North Platte for purposes of trial. For the parties and the only known potential witnesses, North Platte appears to be a more convenient location for trial. While the defendant's counsel is located in Omaha, the plaintiff's counsel is located closer to North Platte. Further, there has been no showing that any witness resides in Omaha or would suffer particular burden by having to travel to North Platte for trial. In fact, there has been no showing there is any connection between this case and Omaha. The court has reviewed the plaintiff's arguments regarding the fairness of trial in North Platte and considered the due weight of the plaintiff's choice for the place of trial within this district. However, after reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b), the place of trial should be North Platte, Nebraska. Upon consideration,

**IT IS ORDERED:**

1.      The  defendant's Motion for Trial at North Platte, Nebraska (Filing No. 7) is granted.

2.      The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

DATED this 14th day of May, 2010.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge