IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RODNEY R. URY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV116 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for partial summary judgment, Filing No. 42.[1]  This is an action for damages bought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA").  The plaintiff, who was employed by Union Pacific Railroad Company ("UP" or "the Railroad") as a conductor, alleges he suffered physical and psychological injuries as the result of a derailment and the sudden stop of a train that was caused by a defective track.  The Railroad moves for summary judgment on the plaintiff's claim for negligent infliction of emotional distress.  It contends that uncontroverted evidence shows that the plaintiff was outside of the "zone of danger" and accordingly does not have a cognizable claim for damages for negligent infliction of emotional distress.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

---

[1]Also pending is the plaintiff's motion for leave to supplement the record in response to the defendant's motion for partial summary judgment, Filing No. 47.  Defendant has filed no objection to the motion, and the court finds the motion should be granted.

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Koehn v. Indian Hills Cmty. Coll., 371 F.3d 394, 396 (8th Cir. 2004).

Under the FELA, common carrier railroads are "liable in damages to any person suffering injury while . . . employed by [the] carrier" if the "injury or death result[ed] in whole or in part from the [carrier's] negligence." 45 U.S.C. § 51. Congress intended FELA to be a broad, remedial statute, and courts have adopted a liberal construction to facilitate Congress' objectives. Urie v. Thompson, 337 U.S. 163, 180 (1949). Claims for negligent infliction of emotional distress are cognizable under the FELA. Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 549-50 (1994).

The Supreme Court describes two categories of mental distress claims under the FELA: "Stand-alone emotional distress claims not provoked by any physical injury, for

2

which recovery is sharply circumscribed by the zone-of-danger test; and emotional distress claims brought on by a physical injury, for which pain and suffering recovery is permitted." *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135, 147 (2003) (permitting recovery for negligent infliction of emotional distress for plaintiffs who fear for their safety due to the negligence of the railroad, when such fear is accompanied by physical injury). The "zone of danger" test confines recovery for stand-alone emotional distress claims to plaintiffs who: (1) "sustain a physical impact as a result of a defendant's negligent conduct"; or (2) "are placed in immediate risk of physical harm by that conduct"—that is, those who escaped instant physical harm, but were "within the zone of danger of physical impact." *Gottshall*, 512 U.S. at 547-48; *see also Crown v. Union Pac. R.R. Co.*, 162 F.3d 984, 985 (8th Cir. 1998) (denying recovery for stress-related emotional injuries).

Where a plaintiff suffers a physical injury as a result of the defendant's negligence, "[he] is entitled to receive compensation for all injuries—physical and emotional—proximately caused by the physical impact." *Marchica v. Long Island R.R. Co.*, 31 F.3d 1197, 1203 (2d Cir. 1994) (finding that a worker could recover for emotional distress relating to fear of contracting AIDS after sustaining a puncture wound from a discarded needle due to a railroad's negligence); *see also Ayers,* 538 U.S. 148-49 (stating that "[u]nlike stand-alone claims for negligently inflicted emotional distress, claims for pain and suffering associated with, or 'parasitic' on, a physical injury are traditionally compensable" and noting that an actor liable for bodily harm is also subject to liability for any emotional disturbance resulting from the bodily harm or from the conduct that caused it)*; Hall v. Norfolk So. Ry. Co.*, 829 F. Supp. 1571, 1576–77 (N.D. Ga. 1993) (a plaintiff involved in

a train wreck could recover for emotional injuries stemming from being trapped in car and witnessing and experiencing horrific aftermath).

The court has reviewed the evidence presented in support of and opposition to the motion. See Filing Nos. 43, 46, and 48. The court finds that this case is properly placed in the emotional distress stemming from a physical injury category. There is evidence that the plaintiff sustained a physical impact and that, at the least, he was placed in immediate risk of, or threatened imminently with, physical harm as a result of the Railroad's alleged negligence. The court finds the plaintiff has a cognizable claim for negligent infliction of emotional distress and, accordingly, finds the defendant's motion for partial summary judgment should be denied.

IT IS ORDERED:

1. The plaintiff's motion for leave to supplement the record (Filing No. 47) is granted.

2. The defendant's motion for partial summary judgment (Filing No. 42) is denied.

DATED this 5th day of December, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.